UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **CAROLYN M. MIRE** | **CIVIL ACTION** |
| **VERSUS** | **NO: 14-2582** |
| **AMERICAN MULTI-CINEMA, INC., AND FLIK, INC.** | **SECTION: "S" (3)** |

### ORDER AND REASONS

**IT IS HEREBY ORDERED** that American Multi-Cinema, Inc.'s Motion for Summary Judgment (Doc. #5) is **DENIED**.

### BACKGROUND

This matter is before the court on a motion for summary judgment filed by defendant, American Multi-Cinema, Inc. ("AMC"). AMC argues that plaintiff's claims against it are prescribed on the face of the complaint, and that plaintiff cannot prove that prescription of her claims against AMC were interrupted by AMC's acknowledgment of the accident and injury.

Plaintiff, Carolyn M. Mire, alleges that on August 4, 2013, she was injured when she tripped and fell over a defective handicapped parking sign base and protruding metal piece attached to the base in the parking lot of the AMC theater in Harahan, Louisiana. The theater and parking lot are owned by defendant Flik, Inc., and leased to AMC.

Mire admits that her suit was filed more than one year after the alleged accident, but alleges that prescription of her claim against AMC was interrupted by AMC's acknowledgment of the accident and injury. Mire alleges that following facts to support her contention:

- Pennsylvania attorney, Alan Gelb, communicated on her behalf with Chris Downard, AMC's adjustor.

- On January 16, 2014, Gelb notified Downard of his representation of Mire in response to an August 5, 2013, letter to Mire from AMC.

- On January 29, 2014, Downard informed Gelb and Mire that AMC was self-insured with liability coverage, and that excess coverage was available.

- On March 31, 2014, Downard sent a "Medicare Consent to Release" form to Gelb for Mire's signature, and advised Gelb that it was his intention to obtain Mire's medical information from Medicare to get the Conditioned Payment Amount that AMC would be required to repay Medicare.

- On April 23, 2014, Gelb set the executed Medicare Consent to Release and HIIPPA documents to Downard.

- On July 14, 2014, Gelb sent copies of Mire's medical records to Downard with an offer to settle Mire's claim.

- Thereafter, Downard contacted Gelb by telephone and requested copies of Mire's medical bills to evaluate Mire's claim.

- Gelb sent Mire's medical bills to Downard on August 11, 2014.

- Downard ceased all communication on August 11, 2014 because Mire's claim had prescribed, all the while lulling Gelb, who was unaware of Louisiana's one-year prescriptive period, into believing that there was time to file suit if settlement negotiations failed. Gelb testified at his deposition that when he spoke with Downard after the prescriptive period had run, Downard refused to negotiate, stated that the prescriptive period had expired and "chuckled."

AMC filed a motion for summary judgment on prescription and acknowledgment "challeng[ing] plaintiff (and her attorney) to show some admissible evidence that will allow her to prove these facts at trial." AMC contends that Mire "cannot meet this challenge," and "has not and cannot provide any admissible evidence that would show that AMC acknowledged any debt to the plaintiff." AMC also argues that any communication between Downard and Gelb do not evidence AMC's acknowledgment of liability, but rather its acknowledgment of the existence of the claim, which does not interrupt prescription. AMC did not submit any evidence to support its position, but

2

rather, argues that plaintiff's evidence is insufficient to overcome summary judgment on prescription.

Mire argues that Downard's communications with Gelb evidence AMC's acknowledgment of Mire's claim and its intent to settle that claim. Mire states that AMC made "numerous acknowledgments of liability for the accident and [her] claim; assurances that the claim would settle without the necessity of a lawsuit; and repeated requests for information and documentation regarding the claim and [her] expenses over a seven-month period." Specifically, Mire argues that Gelb thought that Downard's request for Mire's Medicare information and medical bills indicated an intent by AMC to settle the claim, and that liability was uncontested. According to Mire, Downard "requested information to help calculate the extent (i.e. dollar amount) of AMC's liability, not to determine whether AMC was actually liable." Further, in a letter to Gelb dated January 29, 2014, Downard explains that AMC is self-insured, and states that he "look[s] forward to working with [Gelb] on this matter and [is] hopeful [they] can move this toward a timely resolution." Gelb testified at his deposition that Downard stopped communicating with him after prescription had run and then chuckled as he told Gelb that AMC would not settle because no suit had been filed. Mire argues that Downards communications with Gelb lulled her into believing that liability was not contested and that the claim would be settled.

## ANALYSIS

### A.    Summary Judgment Standard

Under Rule 56(c)(1)(B) of the Federal Rules of Civil Procedure a party may support a motion for summary judgment by "showing that the materials cited do not establish the absence or presence of a genuine dispute, or that an adverse party cannot produce admissible evidence to support the fact." Summary judgment is proper when, viewing the evidence in the light most favorable to the

non-movant, "there is no genuine issue as to any material fact and ... the moving party is entitled to judgment as a matter of law." Amburgey v. Corhart Refractories Corp., 936 F.2d 805, 809 (5th Cir. 1991); FED. R. CIV. PROC. 56(c).  If the moving party meets the initial burden of establishing that there is no genuine issue, the burden shifts to the non-moving party to produce evidence of the existence of a genuine issue for trial.  Celeotex Corp. v. Catrett, 106 S.Ct. 2548, 2552 (1986).  The non-movant cannot satisfy the summary judgment burden with conclusory allegations, unsubstantiated assertions, or only a scintilla of evidence.  Little v. Liquid Air Corp., 37 F.3d 1069, 1075 (5th Cir. 1994) (en banc).  If the opposing party bears the burden of proof at trial, the moving party does not have to submit evidentiary documents to properly support its motion, but need only point out the absence of evidence supporting the essential elements of the opposing party's case.  Saunders v. Michelin Tire Corp., 942 F.2d 299, 301 (5th Cir. 1991).

**B.     Prescription**

Generally, the party raising a prescription argument bears the burden of proving its application. Roane v. Jones, 116 So.3d 700, 707 (La. Ct. App. 2013) (citing McKinley v. Scott, 17 So.3d 81 (La. Ct. App. 2009)).  However, when a defendant "shows that the petition is prescribed on its face, the plaintiff bears the burden of proving [that] the prescriptive period has been suspended, interrupted or renounced." Wilhike v. Polk, 999 So.2d 83 (La. Ct. App. 2008) (citing Lima v. Schmidt, 595 S.2d 624 (La. 1992)).  Once prescription has run, it cannot be suspended. Dominion Expl. & Prod., Inc. v. Waters, 972 So.2e 350, 362 (La. Ct. App. 2007) (citing Geiger v. State ex rel Dept. of Health & Hosp., 815 So.2d 80 (La. 2002)).

Delictual actions, such as a claim of negligence, prescribe one year from the day the injury or damage is sustained. LA. CIV. CODE art. 3492.  Mire alleges that she was injured on August 4,

2014, and she filed her suit on October 17, 2014. Thus, her claims are prescribed on the face of the complaint. Mire claims that prescription of her claim against AMC was interrupted by AMC's acknowledgment of the accident and injury, and lulling her and her attorney into believing that the claim would be settled.

Pursuant to Louisiana Civil Code article 3464, "[p]rescription is interrupted when one acknowledges the right of the person against whom he had commenced to prescribe." In Morris v. Westside Transit Line, 841 So.2d 920, 926 (La. Ct. App. 2003), the court explained:

> Interruption by acknowledgment may be oral, in writing, formal, informal, express or tacit. With respect to delictual actions, the acknowledgment need not be of a certain amount of damages, only of the defendant's responsibility and plaintiff's right against that defendant. A tacit acknowledgment occurs when a debtor performs acts of reparation of indemnity, makes an unconditional offer or payment, or lulls the creditor into believing he will not contest liability.

(internal quotations and citations omitted). Further, Louisiana courts "have added to the above generalizations other criteria that evidence an acknowledgment, including undisputed liability, repeated and open-ended reassurances of payment, and continuous and frequent contact with the creditor through the prescriptive period." Lima v. Schmidt, 595 So.2d 624, 634 (La. 1992). However, [r]ecognitation of the mere existence of a disputed claim is not such an acknowledgment as will effect an interruption." Christen v. Al Copeland Enters., Inc., 635 So.2d 596, 599 (La. Ct. App. 1994) (citing Gaharan v. State, through DOTD, 566 So.2d 1007 (La. Ct. App. 1990). Moreover, "mere recognition of a disputed claim, conditional payments, and settlement or compromise offers or negotiations do not evidence an acknowledgment." Waller v. Stuckey, 613 So.2d 643, 645 (La. Ct. App. (1993) (citations omitted).

In this case, Mire had produced enough evidence to establish a genuine issue of fact regarding AMC's acknowledgment of its alleged debt to her. AMC negotiated with Mire's attorney during the time immediately before and through the one year anniversary of the event. Gelb testified at his deposition that AMC's actions in requesting Medicare information and medical bills, and informing him about AMC's insurance coverage lulled him into believing that AMC would not contest liability and pay the claim. Gelb also testified that Downard "chuckled" after informing Gelb that he would no longer negotiate because prescription had run and no suit was filed. This evidence indicates that the debt may have been acknowledged. Thus, Mire has produced enough evidence to raise a genuine issue of fact regarding the interruption of prescription, and overcome AMC's "challenge" to submit such evidence. AMC's motion for summary judgment is DENIED.

## CONCLUSION

**IT IS HEREBY ORDERED** that American Multi-Cinema, Inc.'s Motion for Summary Judgment (Doc. #5) is **DENIED**.

New Orleans, Louisiana, this   21st day of January, 2015.

_____
**MARY ANN VIAL LEMMON**
**UNITED STATES DISTRICT JUDGE**